THIBODEAUX, Judge.
The state appeals a trial court’s grant of the defendant’s motion to quash based on his denial of his right to a speedy trial under Article I, Section 16 of the Louisiana Constitution and the Sixth Amendment to the United States Constitution.
The defendant allegedly distributed “ecstasy,” a Schedule I narcotic on December 29, 1988. He was arrested on March 27, 1991 and a bill of information was filed on February 26, 1993.
_Jj_For the following reasons, we affirm.
LAW AND ANALYSIS
The state argues the trial court erred in granting the defendant’s motion to quash on the grounds that he was denied his right to a speedy trial.
There are two separate and distinct bases for a defendant’s right to a speedy trial, a statutory right created by La.Code Crim.P. art. 701 and a constitutional right embodied in the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Louisiana Constitution. At the hearing on his motion to quash, defendant conceded that the institution of prosecution was within the state statutory time limits but argued that he had been denied his constitutional right to a speedy trial.
Speedy trial claims are evaluated under the four-factor test enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker, the court accepted a balancing test in which the conduct of both the prosecution and the defendant are weighed. The court reasoned this balancing test necessarily compels courts to approach speedy trial eases on an ad hoc basis. The court then set out some of the factors from which courts should assess whether a particular defendant has been deprived of this right such as: length of delay, the reason for delay, the defendant’s assertion of his right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. at 530-31, 92 S.Ct. at 2192.
Barker v. Wingo described length of delay as a triggering mechanism. The court stated “[ujntil there is some delay which is presumptively prejudicial there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiarjjjdrcumstances of the case.” Barker, 407 U.S. at 530-31, 92 S.Ct. at 2192. The court went on to add, by way of example, that the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. Barker, 407 U.S. at 530-31, 92 S.Ct. at 2192. In this case, the defendant was charged with distributing a Schedule I narcotic, eestacy, which is more akin to an ordinary street crime. Therefore, the lengthy time delays found in the present case seem to weigh in favor of the defendant.
The second factor, which is closely related to the length of delay, is the reason the government assigns to justify the delay. In the present case, the prosecution made no attempt to explain the delay between arrest and trial. Therefore, this is yet another factor that aids the defense.
The third factor to be taken into consideration is the defendant’s responsibility to assert his right to a speedy trial. The defense did not assert a demand for a speedy trial. However, the Louisiana Supreme Court has recognized that the constitutional right to a speedy trial is not dependent on filing a motion. Rather, the right attaches when an individual becomes an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Dewey, 408 So.2d 1255 (La.1982).
The fourth factor to be considered is prejudice to the defendant. The Barker court *474 determined that prejudice should be assessed in light of the interests of the defendants which the speedy trial right was designed to protect. The court went on to identify three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532-33, 92 S.Ct. at 2193. In this case, it was alleged that the defense had been prejudiced since so much time had elapsed the defendant could no longer recall his whereabouts on the date of the offense. The defense argued Uthis hampered them from developing an alibi defense, or the defendant from” recalling anything about the alleged transaction. The defense additionally alleged that a neighbor of the defendant who might have been a witness in the case had died in the interim.
In Barker, the court stated “[w]e regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.” Barker, 407 U.S. at 532-33, 92 S.Ct. at 2193.
The trial court granted the defendant’s motion to quash on the basis that he was denied his right to a speedy trial. The court was quite concerned about the lengthy time delays between the defendant’s arrest and trial. On that basis, the court granted the defendant’s motion to quash.
Although the trial court did not specifically enunciate each of the Barker v. Wingo factors, it was informed of each of these considerations through oral argument of the state as well as the defense. There is no error in the trial court’s ruling. This assignment of error lacks merit and the trial court’s granting of defendant’s motion to quash is affirmed.
AFFIRMED.
SAUNDERS, J., dissents without reasons.